RICHARD HOPKINS, Doing Business as RICHARD HOPKINS Co., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30597.) — Appeal from a judgment of the Court of Claims dismissing a claim for damages for breach of a public improvement contract. The contract provided for the reconstruction of a State highway and bridge in the village of Chester. The old highway was eighteen feet wide; the new highway was to be thirty-two feet wide. The contract work included the relocation and replacement of an existing water main four inches in diameter which was located within the proposed highway lines. There was no mention in the plans of any other water main within the highway lines. The plans, however, showed a valve within the highway lines at the westerly end of the four-inch water main. During the course of the work, the claimant discovered there was a six-inch water main within the highway lines, immediately to the west of the valve, of which the four-inch main was a continuation. The Village of Chester was notified of this situation and it removed and relocated the water main at its expense within a reasonable time. However, the claimant's work was held up and he suffered damage because of the delay, principally due to the fact that his remaining highway work had to be done during the winter season. The claim was filed for this damage. The contract contained the provision that "The Contractor agrees that before making his proposal he carefully examined the contract documents, together with the site of the proposed work, as well as its surrounding territory, and is fully informed regarding all the conditions affecting the work to be done and labor and materials to be furnished for the completion of this contract, including the existence of poles, wires, pipe and other facilities and structures of municipal and other public service corporations on, over or under the site, and that his information was secured by personal investigation and research and not from the estimates or records of the Department, and that he will make no claim against the State by reason of estimates, tests or representations of any officer or agent of the State". The specifications further provided "The contractor shall familiarize himself with the existence of structures of municipal and other public service corporations on the site of the work". There was also a contract provision that "Existing public utility and municipal facilities shall be removed and relocated by their respective owners if any changes are necessitated by this construction, and such owners shall be given an opportunity to make changes

to their system and salvage their property as the work progresses." The claimant and his employees made an inspection of the premises and satisfied themselves as to the existing conditions of the work. They noted the valve within the lines of the highway but they assumed that it marked the junction of a water main running at right angles to the four-inch main rather than one continuous with it. They knew that the main part of the village lay to the west of the valve and that there must be a water main to the west. They noted numerous service connections on both sides of the highway to the west and they admit that they knew that the service lines ran across the highway under the old pavement but they claim that they assumed that the water main itself lay outside the highway lines. Their only basis for this assumption was the fact that they noted a hydrant, about ten feet to the south of the new highway lines and they believed that the water main could not be more than five feet north of the hydrant. In fact, the water main was about fifteen feet north of the hydrant and was thus within the new highway lines. Diligent investigation would have disclosed the location of the six-inch main; it was not covered by the old pavement. It lay two feet south of the southerly edge of the pavement, in the shoulder of the road. There were no representations by any agent or employee of the State as to the location of the water main; there was no proof that any agent or employee of the State at the time of the making of the contract had any knowledge of the presence of the water main within the highway lines. There was no showing of any bad faith on the part of the State. The claimant acted upon the basis of his own assumption as to the location of the water main, an assumption which turned out to be erroneous. The claim for damages was properly dismissed. Judgment of the Court of Claims unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.